NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**KIMERA Y. HARBIN,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2021-2026

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 19-7386, Judge Michael P. Allen.

---

Decided: March 18, 2022

---

MAXWELL DOUGLAS KINMAN, Alexander, Webb, and Kinman, Mason, OH, for claimant-appellant.

ALISON VICKS, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, CLAUDIA BURKE, MARTIN F. HOCKEY, JR.; CHRISTOPHER O. ADELOYE, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

———————————

Before DYK, SCHALL, and TARANTO, *Circuit Judges.*

SCHALL, *Circuit Judge.*

Kimera Y. Harbin appeals the February 25, 2021 decision of the United States Court of Appeals for Veterans Claims ("Veterans Court"). *Harbin v. McDonough*, No. 19-7386 (Vet. App. Feb. 25, 2021), App. 1–6. In that decision, the Veterans Court affirmed the September 18, 2019 decision of the Board of Veterans' Appeals ("Board"), in which the Board ruled that Mrs. Harbin's appeal of the denial of her claim for survivor death benefits was untimely. App. 102. For the reasons set forth below, we *dismiss* Mrs. Harbin's appeal for lack of jurisdiction.

BACKGROUND

I.

Mrs. Harbin is the surviving spouse of veteran Donald R. Harbin, who served in the United States Army from January 1969 to January 1971 and who earned a Purple Heart for his service. App. 1. On November 29, 2012, Mrs. Harbin filed a claim for survivor death benefits with the Department of Veterans Affairs ("VA") seeking to establish service connection for the cause of Mr. Harbin's death. App. 14–26. In due course, the VA Regional Office ("RO") issued a rating decision denying her claim because the record did not establish an etiological link between Mr. Harbin's cause of death and his active duty service. App. 28. On November 18, 2013, the RO issued another rating decision addressing additional evidence submitted by Mrs. Harbin but maintaining the denial of service connection. App. 36–37.

Mrs. Harbin then filed a notice of disagreement with the RO's November 18, 2013 rating decision. App. 42. On December 2, 2015, the RO mailed Mrs. Harbin a Statement of the Case ("SOC") confirming the denial of service

connection. App. 43–68. The SOC and the letter accompanying it advised Mrs. Harbin that she had 60 days to file a substantive appeal with the RO. App. 43–44; App. 60. Mrs. Harbin subsequently filed an appeal on a VA Form 9, which she signed and dated February 6, 2016. App. 70.[1] The appeal was received by the VA on February 9, 2016. *Id.*

On February 26, 2016, the RO sent Mrs. Harbin a letter advising her that her Form 9 submission was untimely because it was not submitted within the 60-day period. App. 72. The letter noted that the SOC was mailed December 2, 2015; therefore, Mrs. Harbin had until January 31, 2016, to file an appeal. *Id.* Mrs. Harbin filed a timely notice of disagreement with that decision, in which she acknowledged that her representative had "failed to submit [the Form 9] on time." App. 76. Mrs. Harbin first requested, then later cancelled, a hearing request, and her representative submitted a statement "conced[ing] that her substantive appeal was a few days late" but requesting that the Board waive the timeliness requirement and accept her Form 9. App. 99–100.

On September 18, 2019, the Board issued its decision, in which it determined that Mrs. Harbin's Form 9 was untimely. App. 102. The Board considered the postmark rule, which states, in relevant part, that responses that are postmarked prior to a filing time limit will be accepted as timely, but that if the postmark is not of record, the postmark date will be presumed to be five days prior to the date the document was received by the VA, excluding weekends and holidays. App. 104; 38 C.F.R. § 20.305(a) (2015).[2]

---

[1]    The copy of Mrs. Harbin's VA Form 9 that is in the record is difficult to read but was either signed on February 5 or February 6 of 2016. App. 70; App. 5 n.31.

[2]    The VA made significant revisions to title 38 of the Code of Federal Regulations to implement the Veterans

Because the postmark on the envelope in which the VA RO sent Mrs. Harbin's Form 9 to the Claims Intake Center and the date-stamped receipt on the Form 9 both indicated a date of February 9, 2016, the Board found that Mrs. Harbin could not benefit from the rule because February 9, 2016 was nine days after the deadline, which the Board stated was February 2, 2016. App. 104; *see* J.A. 71. In addition, when considering Mrs. Harbin's argument that her representative failed to submit the VA Form 9 on time, the Board observed that the date Mrs. Harbin signed the Form 9, February 6, 2016, was after the 60-day deadline. *Id.* at 104–05.[3] After determining that there were no factors present that could excuse Mrs. Harbin's untimely filing, the Board denied Mrs. Harbin's appeal. *Id.* at 105–06.

## II.

Mrs. Harbin appealed to the Veterans Court. Before the court, Mrs. Harbin argued that the Board erred because it failed to apply the postmark rule or provide an adequate statement of reasons or bases for why the rule should not apply. App. 3. Mrs. Harbin argued that, because her Form 9 was not postmarked, application of the postmark rule would require a presumption that it was received on February 2, 2016, which is the date the Board indicated was the end of the 60-day period. *Id.* at 2–3. Mrs. Harbin also argued that the Board erred when it

---

Appeals Improvement and Modernization Act of 2017 ("AMA"), Pub. L. No. 115-55, 131 Stat. 1105 (Aug. 23, 2017). *See* VA Claims and Appeals Modernization, 84 Fed. Reg. 138, 182 (Jan. 18, 2019) (redesignating pre-AMA 38 C.F.R. § 20.305 as § 20.110). Since the pertinent events here took place before these changes were made, we refer to the pre-AMA version of the regulation.

[3] As the Veterans Court observed, the signing date February 5, 2016, also would be after the 60-day deadline. App. 5 n.31.

relied on the February 9, 2016 postmark, which was not related to the date she had mailed the Form 9 to VA but rather to the date the RO sent the Form 9 to the Claims Intake Center. *Id.* at 5. In her reply brief, Mrs. Harbin additionally argued that the presumption created by the postmark rule is not rebuttable. *Id.*

The court rejected Mrs. Harbin's arguments, finding that she had not rebutted evidence that her Form 9 could not have been postmarked February 2, 2016, because she signed the appeal on February 5 or 6, 2016, and because she had conceded twice to the VA that her Form 9 had been filed late. App. 4–5. Although the court agreed with Mrs. Harbin that the Board had erred when it relied on the February 9, 2016 postmark, the court ultimately determined that error was harmless, because the Board had relied on Mrs. Harbin's signature date to support its finding that the Form 9 was untimely. *Id.* at 5. In addition, the court declined to address Mrs. Harbin's argument that the postmark presumption is irrebuttable because she had not included it in her opening brief. *Id.* In sum, having concluded that the Board's factual determination that Mrs. Harbin's appeal was not timely filed was not clearly erroneous, the Veterans Court affirmed the Board's decision. *Id.*

## DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited by statute. 38 U.S.C. § 7292. We have jurisdiction to decide an appeal insofar as it presents a challenge to the court's decision regarding a rule of law, including a decision about the interpretation or validity of any statute or regulation. *Id.* § 7292(a), (d)(1). However, we lack jurisdiction to entertain a challenge to a factual determination or a challenge to the application of a law or regulation to the facts of a particular case where, as here, the appeal presents no constitutional issue. *Id.* § 7292(d)(2).

On appeal to this court, Mrs. Harbin argues that the Veterans Court and the Board failed to properly apply the postmark rule. That is, Mrs. Harbin argues, because 38 C.F.R. § 20.305 is "clear" and "does not contain any exceptions," the postmark rule must be followed "regardless of the signed date on the VA Form 9 or any concessions to the agency." Appellant's Br. 17. The Veterans Court's determination that Mrs. Harbin's argument is forfeited involves an application of a law or regulation to fact which is outside this court's jurisdiction. 38 U.S.C. § 7292(d)(2).

Moreover, to the extent Mrs. Harbin is disputing the underlying Board determination that the postmark presumption had been rebutted, which the Veterans Court held was not clearly erroneous, that determination is a factual one over which we also lack jurisdiction. *Id.*; *cf. Eskridge v. Shulkin*, 691 F. App'x 623, 624 ("Whether an appeal is timely filed is a factual determination that this court may not review.").

Accordingly, because Mrs. Harbin has not presented an issue over which we have jurisdiction, the appeal is dismissed.

**DISMISSED**

Costs

No costs.